IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-259-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JARED BENJAMIN PARSEK | ) | |

This cause comes before the Court on defendant's motion for judicial recommendation for transfer to home confinement. [DE 371]. The government has responded in opposition, and the matter is ripe for ruling. For the reasons that follow, the Court *sua sponte* construes defendant's motion as one seeking reconsideration of the denial of his motion for compassionate release, grants the request for compassionate release, and reduces defendant's sentence to time served.

## BACKGROUND

Defendant, Parsek, is currently serving a sentence of 225 months' imprisonment to be followed by five years of supervised release following his plea of guilty to obstruction of justice, making a false statement, and conspiracy to commit civil rights violations in addition to drug and firearms offenses. [DE 246]. Parsek sought a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release, based upon his health conditions which he argues place him at risk for severe COVID-19 illness. The government acknowledged that Parsek's obesity places him at greater risk for severe COVID-19 illness and that this circumstance qualifies as extraordinary and compelling for purposes of 18 U.S.C. § 3582(c)(1)(A)(i), but it opposed compassionate release based upon Parsek's dangerousness to the community and the 18 U.S.C. § 3553(a) factors. This Court denied Parsek's motion based upon its consideration of the § 3553(a) factors. [DE 370].

Parsek was scheduled to be released to a residential reentry center (halfway house) on January 28, 2021. Parsek now seeks a recommendation from this Court to the Bureau of Prisons that he be transferred to home confinement in lieu of a halfway house. The government opposes the motion, arguing that the Court lacks jurisdiction to place Parsek in home confinement and that the relief which Parsek seeks amounts to an advisory opinion.

## DISCUSSION

The Court construes Parsek's motion as a plenary request for relief and a challenge to this Court's prior ruling. Having carefully reconsidered Parsek's request for compassionate release, the Court determines that relief is appropriate. The Court previously determined that Parsek had demonstrated extraordinary and compelling circumstances for purposes of 18 U.S.C. § 3582(c)(1)(A) based upon his health conditions and the COVID-19 pandemic. *See also United States v. McCoy*, 981 F.3d 271, 281 (district courts have authority to define extraordinary and compelling circumstances). Since the entry of the Court's prior order, and important to its reconsideration, the Bureau of Prisons has determined that Parsek is ready to be released to a halfway house so that he can prepare to reenter society. And as Parsek argues, a halfway house is an improvement over a fully custodial setting, but is not without risk of COVID-19 infection and spread.

Parsek's release plan is detailed and stable. He will reside with family friends who have space for him to self-quarantine upon his arrival. Based upon its review of the 18 U.S.C. § 3553(a) factors, the Court determines that a reduction in Parsek's sentence at this time is warranted. The public has been safe from Parsek for more than fourteen years. During his term of imprisonment, Parsek has taken numerous classes and worked. He has paid his special assessment and restitution in full. Recognizing Parsek's serious breach of public trust during the

2

commission of the underlying offenses, the Court is satisfied that Parsek has been deterred from future criminal conduct and justly punished, and that an additional nine months in a halfway house are not necessary to satisfy the goals of sentencing.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion [DE 371], construed herein as a motion for reconsideration of the Court's order denying his motion for compassionate release, is GRANTED. Defendant's term of imprisonment is REDUCED to TIME SERVED. All other conditions of the original judgment remain in full force and effect.

SO ORDERED, this 31 day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE